**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PHILLIP MARCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-cv-00543-HEA |
| | ) |
| SMALL BUSINESS | ) |
| ADMINISTRATION, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Phillip March for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To pass initial review, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this civil action against the Small Business Administration (SBA), Administrator Isabel Guzman, Secretary of the Treasury Janet Yellin, and the United States of America for declaratory and injunctive relief. With regard to jurisdiction, plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331.[1] (Docket No. 1 at 2). He also claims that the Court has jurisdiction to review an agency action under 5

---

[1] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

U.S.C. § 702,[2] and the jurisdiction "to determine controversies against the Administrator of [the] SBA" under 28 U.S.C. § 634(b).[3] The complaint contains allegations against defendants regarding their purportedly wrongful failure to disburse an Economic Injury Disaster Loan (EIDL).

Plaintiff's complaint begins with an "Introductory Statement," in which plaintiff explains that COVID-19[4] "decimated the American economy," and that to "mitigate the economic damage and keep small businesses afloat…Congress passed the Coronavirus Aid, Relief, and Economic Security Act," which is known as the CARES Act. (Docket No. 1 at 1). According to plaintiff, the CARES Act "tasked the" SBA "with promulgating regulations to administer EIDL loans to any business concern based in the United States, so long as the small business was in operation by February 5, 2020." (Docket No. 1 at 1-2).

Plaintiff states that he is the owner of a small business called "Worldwide GPS," located in Ferguson, Missouri. (Docket No. 1 at 2). He accuses the SBA of refusing "to uphold its statutory duty to make EIDL loans available to" him, and that it has excluded him from such loans for "facially invalid" reasons.

In the "Statement of Fact," plaintiff asserts that the Small Business Act allows the SBA to make EIDL loans for small businesses in disaster areas. (Docket No. 1 at 3). On March 6, 2020, COVID-19 was declared a disaster, which allowed the SBA to make EIDL loans to small businesses suffering due to the pandemic. Under the CARES Act, eligibility requirements for

---

[2] 5 U.S.C. § 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

[3] 15 U.S.C. § 634(b) provides that "the Administrator may sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy."

[4] COVID-19 is the name of the disease caused by the novel coronavirus known as SARS-CoV-2, which originated in China, spread globally, and resulted in the declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). *See also Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 734 (8th Cir. 2021). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, 956 F.3d 1018, 1023 (8th Cir. 2020).

EIDL loans were expanded. In particular, plaintiff states that "the CARES Act permitted [the] SBA to waive rules related to personal guarantys" of loans less than $200,000. He further asserts that the CARES Act simply required "that a person be in business within 1 year prior to the pandemic," and that the SBA had "the authority to approve an applicant based solely on the credit score of the applicant." (Docket No. 1 at 3-4).

Due to the COVID-19 pandemic, plaintiff states that he suffered negative business impacts. (Docket No. 1 at 4). To mitigate these impacts, he applied for an EIDL loan on April 8, 2020.

On April 17, 2020, plaintiff was denied a loan due to his low credit score. Plaintiff explains that after this denial, several "immediate family members broke out with" COVID-19, causing him to prepare and mail his federal tax return five months late.

In January 2021, plaintiff states that he reapplied for a loan, whereupon the SBA ordered copies of his 2018 and 2019 tax transcripts. The IRS provided only the 2018 transcript, however, because the 2019 tax return had not been processed.

On June 7, 2021, plaintiff was again denied a loan "due to unverifiable information." According to plaintiff, he was denied the loan "because the IRS was backlogged with processing tax returns" and his "2019 tax return was not processed," meaning that it could not be reviewed by the SBA.

On June 13, 2021, plaintiff called the SBA's customer service line, and was told "to take a copy of his 2019 return to his local IRS office and file a copy and get it stamped showing that it was filed." Plaintiff followed these directions, and sent a "stamped copy" of his tax return "showing the return was filed" to the SBA, seeking "reconsideration of the previous denial." In addition, plaintiff sent the SBA various documents showing that his "business was in operation prior to the disaster." (Docket No. 1 at 5).

4

In February 2022, plaintiff was again denied a loan by the SBA, this time because the SBA would not "accept the filed stamped copy of the [tax] return." Rather, the SBA required "the official transcripts received directly from the IRS."

On May 12, 2022, plaintiff's request for a loan was denied due to "unverifiable information." Specifically, the SBA could not document that plaintiff's business was "an active revenue reporting entity prior to the disaster." Nonetheless, plaintiff contends that all he has to do to receive a loan is prove that his business was in operation prior to January 31, 2020, and that he has done this. (Docket No. 1 at 5-6).

Based on these facts, plaintiff presents six separate counts. First, he alleges that the SBA "promulgated an interim conclusion and findings that exceeded its authority." (Docket No. 1 at 6). In particular, he asserts that Congress did not give the SBA authority to determine whether or not a business was "an active revenue reporting entity prior to the disaster." That is, "Congress did not delegate any discretion to [the] SBA to deem classes of small businesses ineligible for reasons not contained in the CARES Act." Because he is "fully qualified" under the CARES Act, plaintiff insists that the SBA unlawfully denied him an EIDL loan.

Second, plaintiff claims that the SBA "failed to carry out a ministerial duty" by denying him a loan for which he is eligible. (Docket No. 1 at 6-7). He alleges that the CARES Act requires the SBA to dispense EIDL loans to eligible businesses, that his business is eligible, and that the SBA refused "to perform [a] nondiscretionary act," thereby "unlawfully [withholding] agency action." (Docket No. 1 at 7).

Third, plaintiff argues that the SBA's decision "contravenes the plain text of the CARES Act." He states that the CARES Act "is clear and unambiguous as to who is eligible for EIDL loans," and that the SBA "lacked authority to promulgate regulations that restricted or otherwise

5

clarified" the eligibility requirements. Plaintiff further suggests that Congress intended that applicants such as himself be given EIDL loans, and states that the SBA's decision is not entitled to any deference. (Docket No. 1 at 8).

Fourth, plaintiff alleges that the SBA's decision was "arbitrary and capricious," because it relied on factors Congress did not intend it to consider. (Docket No. 1 at 9). He states that Congress intended for EIDL loans to be provided to businesses suffering from the pandemic, and that such loans should be made "expeditiously in a time of national economic turmoil." (Docket No. 1 at 10). Plaintiff also contends that "Congress did not call on [the] SBA's expertise," but "instructed [the] SBA to administer EIDL loans based on the considerations enumerated in the CARES Act." The SBA, however, allegedly "departed from the text of the law" in denying his loan application.

Fifth, plaintiff states that the SBA "failed to carry out a ministerial duty" when it refused to administer an EIDL loan to him. (Docket No. 1 at 10-11). He believes that he qualified for a loan under the CARES Act, and that the SBA deemed him ineligible for a reason not contained in the act. (Docket No. 1 at 11).

Finally, and relatedly, plaintiff seeks a writ of mandamus for defendants' purported failure to carry out a ministerial duty. He argues that he has a clear right to relief, that defendants have a ministerial duty to dispense the money provided by Congress, and that he has no other remedy. (Docket No. 1 at 12).

Attached to the complaint are sixteen separate exhibits, totaling sixty-five pages. The Court has reviewed these exhibits and will treat them as part of the pleadings.[5] The exhibits consist of:

---

[5] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

6

(1) EIDL loan information as of September 8, 2021; (2) plaintiff's 2018 tax transcript; (3) plaintiff's 2019 tax transcript; (4) a letter from the IRS explaining that plaintiff's 2019 tax return "could not be processed because it was blank or illegible or missing or damaged," and noting that a new return was received on March 1, 2022; (5) a copy of plaintiff's driver's license; (6) a copy of the articles of organization for plaintiff's business; (7) a certificate of organization for plaintiff's business; (8) a loan quote from the SBA; (9) a voided check from plaintiff's business; (10) the "business profile" section of plaintiff's loan application; (11) an account summary for plaintiff's business, covering November 1 to November 30, 2019; (12) a denial letter from the SBA; (13) a billing statement from the IRS: (14) a copy of plaintiff's 2018 tax return; (15) a copy of plaintiff's 2019 tax return; and (16) a copy of the CARES Act.

Plaintiff seeks a declaratory judgment that the SBA acted contrary to the CARES Act, and that its actions were arbitrary and capricious. (Docket No. 1 at 12-13). Additionally, he requests a writ of mandamus compelling "defendants to fulfill their duties to administer EIDL loans to [him] that are eligible under the criteria set out in the CARES Act." (Docket No. 1 at 13). Finally, plaintiff seeks to "save [his] place in line" by having the Court enjoin defendants from dispensing the funds he is allegedly owed, and to restore him to his "place in [the] queue as of the time" his loan application was denied.

## Discussion

Plaintiff is a self-represented litigant who has brought a civil action accusing defendants of wrongfully denying him a loan under the CARES Act. For the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants.

**A. Initial Review Under 28 U.S.C. § 1915**

As noted above, 28 U.S.C. § 1915 provides that the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e). Pursuant to the Federal Rules of Civil Procedure, a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In screening plaintiff's complaint, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). However, the Court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, when evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

Here, plaintiff has presented facts alleging that he qualified for an EIDL loan, that defendants were required to disburse that money to him, and that defendants wrongfully withheld those funds. As previously noted, the Court must accept these allegations as true, and liberally construe plaintiff's complaint in his favor. Therefore, the Court will direct the Clerk of Court to issue process on defendants. The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the complaint. This is not a determination of the merits of his claim or potential defenses thereto.

### B. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

### C. Motion For Temporary Restraining Order and Preliminary Injunction

Plaintiff has filed a motion for temporary restraining order and preliminary injunction. (Docket No. 4). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016,

1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

"None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1986). Furthermore, the same standards are applied to both a request for a preliminary injunction and a request for a temporary restraining order. *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming district court's application of *Dataphase* factors to a motion for a temporary restraining order). Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

In this case, plaintiff has not carried his burden of showing that he is entitled to an injunction. First, he has not demonstrated the threat of irreparable harm. While plaintiff has alleged, at several points, that he will suffer such harm, he has not presented any facts in support of this conclusion. Second, intervention by the Court would likely cause harm to defendants, as plaintiff is asking them to set aside funds that would otherwise be distributed on a first-come, first-served basis. Finally, plaintiff has not demonstrated a likelihood of success on the merits. As noted above, plaintiff has presented sufficient factual allegations to survive initial review under 28 U.S.C. § 1915. Nevertheless, the Court is not convinced that plaintiff will ultimately prevail on the merits, at least not to the extent that preliminary injunctive relief is warranted. *See Brennan v. United States*, No. 2020 WL 3980001 (E.D. Ark. 2020) (denying motion for temporary restraining order and preliminary injunction filed by plaintiff who sought an EIDL advance grant from the SBA under the CARES Act). Therefore, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order and preliminary injunction (Docket No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant Isabel Guzman, Administrator of the Small Business Administration, 409 Third Street, SW, Washington, D.C. 20416-0011.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant Janet Yellen, 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220-0001.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Sayler A. Fleming, United States Attorney, Thomas F. Eagleton Courthouse, 111 South 10th Street – Room 20.333, St. Louis, MO 63102.

Dated this 7th day of June, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE