UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP MARCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22CV543 HEA |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., | ) ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 16]. Plaintiff opposes the motion. Defendants have also filed a Motion for Order to Show Cause, [Doc. No. 26], to which Plaintiff has filed a response. Defendant filed a reply to the response. For the reasons set forth below, the Motion to Dismiss will be granted.

Plaintiff brought this *pro se* action claiming the Small Business Administration, ("SBA") wrongfully denied his business an Economic Injury Disaster Loan, ("EIDL") under the CARES Act.

Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help individuals, families, businesses, and health-care providers cope with the economic and public health crises triggered by COVID-19. *See* 15 U.S.C. §§ 9001–9080. Among other things, the CARES Act allowed a business to

seek an advance when applying to the Small Business Administration ("SBA") for an Economic Injury Disaster Loan ("EIDL") in response to COVID-19. Congress authorized 20 billion dollars to be appropriated to the SBA for it to provide emergency grants under this feature of the CARES Act. *See* 15 U.S.C. § 9009(e)(7).

Plaintiff filed this action claiming that he had a business for which he could obtain an EIDL. Plaintiff applied for a disaster loan in April 2020. Plaintiff's Complaint alleges that his application was denied due to his credit score being too low. He reapplied in January 2021 but was denied again because the SBA could not verify that he properly filed all necessary federal tax returns. Plaintiff alleges that he sent his returns in June 2021. The SBA, however, informed Plaintiff that he needed to send copies of his official transcripts from the IRS. Plaintiff contacted a tax advocate at the Internal Revenue Service ("IRS") in April 2022. Plaintiff alleges that his tax return was processed on April 28, 2022.

In a letter dated January 14, 2022, the SBA again denied Plaintiff's application, stating, in pertinent part:

> In response to your request for reconsideration of your previously declined disaster loan, we have thoroughly reviewed all new and previously provided information. Although we made every effort to approve your loan request, we are unable to offer you a disaster loan for the following reason(s):
>
> **Not eligible due to unverifiable information**

> To give your request a fresh review, we assigned your file to a loan officer who was not involved in the previous decisions. During the loan underwriting process there were one or more items that were reviewed that caused the SBA to question the validity of certain information you submitted as part of your application. We attempted to verify 2019 Gross Revenues of $238,000 as reported on the initial application by requesting copies of the business tax transcript from the IRS. The 2019 transcript indicated "The most recent transcript indicates your 2019 Federal tax return (Form 1040) was filed on June 15,2021, which was after your initial decline on April 17, 2020, and reconsideration decline on June 7, 2021. To be eligible for SBA disaster loan assistance, the applicant must be a qualified business. All disaster business applications must provide documentation, such as Federal Tax Returns to establish operations as a qualified business. Based on this information, we cannot document that you were an active revenue reporting entity prior to the disaster.
>
> We cannot document that you were an active revenue reporting entity prior to the disaster. Therefore, we have declined your appeal request for unveritiable information.
>
> We have given serious consideration to your request and have examined all possibilities under which an approval might be granted.

SBA Letter dated January 14, 2022, Exhibit K to Plaintiff's Complaint.

The SBA has publicly notified applicants that as of May 6, 2022, the SBA funding is no longer available; COVID-19 EIDL loan increase requests or requests for reconsideration of previously declined loan applications ceased. https://www.sba.gov/funding-programs/loans/covid-19-relief-options/eidl (last visited January 23, 2023). The termination of reconsideration requests renders this action moot.

The exhaustion of EIDL funding precludes the Court from granting Plaintiff "any effectual relief." *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir.

3

2021)(quoting *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013)). The SBA is permitted to issue EIDL funds only "to the extent and in such amounts as provided in advance in appropriation Acts…" 15 U.S.C. § 636(b)(2). However, as noted, EIDL funding was exhausted as of May 6, 2022, thus, even assuming Plaintiff could establish that his loan should have been issued, there are no funds to fund the loan. The exhaustion of EIDL funding renders Plaintiff's claims moot because it "is a well-settled matter of constitutional law that when an appropriation has lapsed or has been fully obligated, federal courts cannot order the expenditure of funds that were covered by that appropriation." *City of Houston*, 24 F.3d 1421, 1424 (D.C. Cir. 1994. In other words, "[w]here, as here, the congressional appropriations relating to the funds sought by private litigants have been lawfully distributed—and therefore exhausted—by a federal agency, courts lack authority to grant effectual relief in the context of an Article III case or controversy." *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 138 (2d Cir. 2010).

> "[A]n actual controversy must exist at all stages [] not merely at the time the complaint is filed." *Honig v. Doe,* 484 U.S. 305, 329, 108 S.Ct. 592, 607, 98 L.Ed.2d 686 (1988) (Rehnquist, C.J., concurring); *see Arkansas AFL–CIO,* 11 F.3d at 1435. During the course of litigation, the issues presented in a case may lose their life because of the passage of time or a change in circumstances. *Arkansas AFL–CIO,* 11 F.3d at 1435. When this happens and a federal court can no longer grant effective relief, the case is moot. *Id.*

*Beck by Beck v. Missouri State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994).

4

As the Eighth Circuit Court of Appeals has explained,

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief,' the case is considered moot." *Id*. (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Based upon the foregoing, this case has been rendered moot by the cessation of the EIDL loan program, and the motion to dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 16], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is dismissed.

An Order of Dismissal will be entered this same date.

Dated this 20th day of January, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE