UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILLIP MARCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22CV543 HEA |
| ) | |
| UNITED STATES SMALL BUSINESS ) | |
| ADMINISTRATION, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff's Case, [Doc. No. 39]. Defendant opposes the motion. Plaintiff has filed a reply to Defendant's opposition. For the reasons set forth below, the Motion for Reconsideration will be denied.

**Factual and Procedural Background**

Plaintiff brought this *pro se* action claiming the Small Business Administration, ("SBA") wrongfully denied his business an Economic Injury Disaster Loan, ("EIDL") under the CARES Act.

Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help individuals, families, businesses, and health-care providers cope with the economic and public health crises triggered by COVID-19. *See* 15 U.S.C. §§ 9001–9080. Among other things, the CARES Act allowed a business to

seek an advance when applying to the Small Business Administration ("SBA") for an Economic Injury Disaster Loan ("EIDL") in response to COVID-19. Congress authorized 20 billion dollars to be appropriated to the SBA for it to provide emergency grants under this feature of the CARES Act. *See* 15 U.S.C. § 9009(e)(7).

Plaintiff filed this action claiming that he had a business for which he could obtain an EIDL. Plaintiff applied for a disaster loan in April 2020. Plaintiff's Complaint alleges that his application was denied due to his credit score being too low. He reapplied in January 2021 but was denied again because the SBA could not verify that he properly filed all necessary federal tax returns. Plaintiff alleges that he sent his returns in June 2021. The SBA, however, informed Plaintiff that he needed to send copies of his official transcripts from the IRS. Plaintiff contacted a tax advocate at the Internal Revenue Service ("IRS") in April 2022. Plaintiff alleges that his tax return was processed on April 28, 2022.

In a letter dated January 14, 2022, the SBA again denied Plaintiff's application, stating, in pertinent part:

> In response to your request for reconsideration of your previously declined disaster loan, we have thoroughly reviewed all new and previously provided information. Although we made every effort to approve your loan request, we are unable to offer you a disaster loan for the following reason(s):
>
> **Not eligible due to unverifiable information**

> To give your request a fresh review, we assigned your file to a loan officer who was not involved in the previous decisions. During the loan underwriting process there were one or more items that were reviewed that caused the SBA to question the validity of certain information you submitted as part of your application. We attempted to verify 2019 Gross Revenues of $238,000 as reported on the initial application by requesting copies of the business tax transcript from the IRS. The 2019 transcript indicated "The most recent transcript indicates your 2019 Federal tax return (Form 1040) was filed on June 15,2021, which was after your initial decline on April 17, 2020, and reconsideration decline on June 7, 2021.  To be eligible for SBA disaster loan assistance, the applicant must be a qualified business. All disaster business applications must provide documentation, such as Federal Tax Returns to establish operations as a qualified business.  Based on this information, we cannot document that you were an active revenue reporting entity prior to the disaster.
>
> We cannot document that you were an active revenue reporting entity prior to the disaster. Therefore, we have declined your appeal request for unveritiable information.
>
> We have given serious consideration to your request and have examined all possibilities under which an approval might be granted.

SBA Letter dated January 14, 2022, Exhibit K to Plaintiff's Complaint.

The SBA has publicly notified applicants that as of May 6, 2022, the SBA funding is no longer available; COVID-19 EIDL loan increase requests or requests for reconsideration of previously declined loan applications ceased. https://www.sba.gov/funding-programs/loans/covid-19-relief-options/eidl (last visited January 23, 2023). The termination of reconsideration requests renders this action moot.

This Court found that the exhaustion of EIDL funding precluded the Court from granting Plaintiff "any effectual relief." *Pietrangelo v. Sununu*, 15 F.4th 103,

3

105 (1st Cir. 2021)(quoting *ACLU of Mass. v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013)).

## Discussion

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). "A motion to reconsider should not be employed to relitigate old issues but rather to 'afford an opportunity for relief in extraordinary circumstances.' *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993)." *Scheffler v. Gurstel Chargo, P.A.*, No. CV 15-4436(DSD/SER), 2017 WL 3484883, at *1 (D. Minn. Aug. 14, 2017).

Plaintiff again reasserts the same arguments for seeking an Order from this Court requiring Defendant to issue a loan under the EIDL program. However, because Plaintiff's application was **denied** on January 14, 2022, the fact that there may be funds that have not been claimed remaining after the May 15, 2022 exhaustion of funds his application cannot be resurrected.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Motion for Reconsideration is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, [Doc. No. 39], is **DENIED.**

Dated this 2nd day of March 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE